IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO N PAGTALUNAN, et al, | No. C-09-00162 EDL |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE** |
| v. | |
| REUNION MORTGAGE INC, et al, | |
| Defendants. / | |

## I.   BACKGROUND

This case arises out of the foreclosure on Plaintiffs' home in San Mateo. Complaint ¶ 1. In November 2006, Reunion Mortgage ("Reunion") lent Plaintiffs $885,000 secured by a deed of trust on their home. Id. ¶¶ 1-2. Reunion's loan refinanced prior loans on that same property. Id. ¶ 16. On November 16, 2006, Plaintiffs signed a Deed of Trust and Adjustable Rate Note obtaining a mortgage loan of $885,000. Request for Judicial Notice[1] ("RJN"), Ex. 1. The Deed identifies Plaintiffs as the borrower and Reunion as the lender, and provides that Mortgage Electronic Registration Systems, Inc. ("MERS"), the beneficiary under the Security Instrument, is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. Id.

Plaintiffs allege that Reunion failed to verify their income, and if Reunion had, it would have realized that the borrowers would not have been able to make their payments. Complaint ¶ 16. Plaintiffs claim they were not given the "federally-required early disclosures within the time period

---

[1] On a motion to dismiss, material submitted with the complaint may be considered as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 (9th Cir. 1990). In addition, the Court may consider documents referred to by the complaint if they are authentic and central to plaintiff's claim. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Here, Plaintiffs' complaint references the deed of trust, notice of default, and the notice of the trustee's sale, and Plaintiffs do not contest the authenticity of those documents. See Complaint ¶¶ 26, 28.

required" by the Real Estate Settlement Procedures Act ("RESPA"), 24 C.F.R. § 3500.6(a), and that they were not given the amount of the Yield Spread Premium, as required by the statute. Id. ¶¶ 18-19. They also claim they did not receive disclosures required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and California Civil Code § 1916.7(c). Id. ¶¶ 18-20. Therefore, Plaintiffs did not become aware of the true cost of the loan until recently. Id. ¶22. Plaintiffs also did not receive a HUD-1 settlement statement before the close of escrow and never received a copy of their right to cancel. Id. ¶¶ 23-24. Plaintiffs defaulted on the loan, and a notice of default was recorded on May 13, 2008. Complaint ¶ 26; RJN, Ex. 2. On December 4, 2008, Plaintiffs sent a cancellation notice to Defendants under TILA and California law. Complaint ¶ 27.

Based on these facts, Plaintiffs allege eleven claims: 1) declaratory relief; 2) contractual beach of implied covenant of good faith and fair dealing; 3) violation of the TILA; 4) violation of RESPA; 5) violation of California Civil Code §§ 1920 and 1921; 6) violation of California Civil Code §§ 1916.7; 7) rescission/cancellation; 8) unfair business practices; 9) breach of fiduciary duty; 10) quiet title; and 11) injunctive relief. Defendants ETrade, Reunion, and MERS now move to dismiss the complaint in its entirety and move to strike certain paragraphs in the complaint. As set forth below, the complaint suffers multiple defects.

## II.     DEFENDANTS' MOTION

### A.     Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of

2

1  material fact are taken as true. Erickson, 127 S.Ct. at 2200.  However, a plaintiff's obligation to
2  provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a
3  formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at
4  1964-65 (citations and quotations omitted).  Rather, the allegations in the complaint "must be
5  enough to raise a right to relief above the speculative level." Id. at 1965.  A motion to dismiss
6  should be granted if the complaint does not proffer enough facts to state a claim for relief that is
7  plausible on its face.  See id. at 1966-67.
8      On a motion to strike, a Court may "strike from a pleading an insufficient defense or any
9  redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f).
10      B.    Defendants' Motion to Dismiss
11          1)    Declaratory Relief
12      Declaratory relief is not appropriate where the controversy is hypothetical or where the
13  actual controversy has become moot.  See Seelers v. Regents of the Univ. of Cal., 432 F.2d 493,
14  499-500 (9th Cir. 1990).  Plaintiffs' claim for declaratory relief is based on two factual allegations:
15  that plaintiffs exercised their right to cancel the loan under 15 U.S.C. § 1635 ("TILA"), and that
16  Defendants are not holders of Plaintiffs' promissory note because the note was placed in a trust pool
17  pursuant to a Pooling and Servicing Agreement and that any attempt to foreclose is a fraud.
18  Complaint ¶¶ 30-31.  As discussed below, the substantive TILA claim fails to satisfy the pleading
19  requirements of Rule 8, and Plaintiffs' claim for declaratory relief based on TILA fails for the same
20  reasons.  As to the second allegation, California law does not require possession of the note as a
21  precondition to non-judicial foreclosure under a deed of trust, and this declaratory relief claim
22  similarly fails. Putkkuri v. Recontrust Co., Case 08-1919 WQH (AJB), 2009 U.S. Dist. LEXIS 32
23  (S.D. Cal. Jan. 5, 2009) (citing Cal. Civil Code § 2924(a)) ("Pursuant to section 2924(a)(1) of the
24  California Civil Code, the trustee of a Deed of Trust has the right to initiate the foreclosure process.
25  Production of the original note is not required to proceed with a non-judicial foreclosure.").  Because
26  the alleged facts underlying the declaratory relief claim do not give rise to viable claims, there is no
27
28

3

actual controversy between the parties warranting declaratory judgment.[2]  This claim is dismissed with leave to amend.

    2)  Contractual Breach of Implied Covenant of Good Faith and Fair Dealing

Generally, every contract, "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 798 (2008). "The implied covenant is a supplement to an existing contract, and thus it does not require parties to negotiate in good faith prior to any agreement." Id. (holding that insofar as complaint alleged defendant violated the implied covenant during the negotiations of the lease, they fail to state a claim). Plaintiffs' second claim suffers the same defect as the claim in McClain, as all of the acts complained of occurred during pre-contractual negotiations. Complaint ¶¶ 37, 39. This claim is dismissed with leave to amend.

    3)  TILA Violation

Plaintiffs only allege labels and conclusions regarding the purported TILA violation. For example, Paragraph 18 of the complaint merely states that Defendants failed to provide the federally required early disclosures within the time period required by statute. See also Complaint ¶ 21 (alleging that the teaser rates in the TILA disclosure statements are misleading in their representation of actual loan payment amounts); ¶ 44 (Defendants failed to provide appropriate material disclosures required under TILA); ¶ 15 (Defendants failed to provide proper disclosures as required by federal and state law and failed to disclose the true terms of the loan). Plaintiffs' allegations do not state a claim under Rule 8.

Furthermore, an action for damages under TILA generally must be brought within one year of the alleged violation: "we hold that the limitations period in [15 U.S.C.] Section 1640(e) runs from the date of consummation of the transaction but that the doctrine of equitable tolling may, in

---

[2] Plaintiffs' opposition highlights numerous facts that were not even alleged in their complaint. As Defendants point out, these allegations may be insufficient to state a claim in any event. Plaintiffs must make a good faith investigation into the adequacy of their claims before filing their amended complaint. "By presenting to the court a pleading . . . . an attorney . . . certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Pro. 11(b).

the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. California, 784 F.2d 910, 915 (9th Cir. Cal. 1986).  Here, the credit contract was executed in approximately November 2006.  Complaint ¶ 16, RJN, Ex. 1.  This was well over a year before Plaintiffs filed suit on December 4, 2008.  Plaintiffs allege no facts supporting tolling.  Plaintiffs' claim is therefore time barred.  While failure to give certain correct disclosures does extend the rescission period for up to three years (see 15 U.S.C. § 1635(a), (f); 12 C.F.R. § 226.23(a)(3)), Plaintiffs' rescission claim fails, because Plaintiffs do not allege that they are willing to repay what they borrowed less finance charges.  See Cal Civ Code § 1691 (rescission is conditioned on the borrower's repayment of loan proceeds); Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1172-73 & n.5 (9th Cir. 2003) (same).

This claim is dismissed with leave to amend.  However, Plaintiffs are cautioned that they may only amend this claim if they can make specific good faith allegations: 1) supporting equitable tolling; and 2) that they have offered to restore what they borrowed.  In addition, it appears that this claim cannot stand against MERS because the deed of trust shows that Plaintiffs' obligation was payable to Reunion, not MERS.  See Riviere v. Banner Chevrolet, Inc., 184 F.3d 457, 461 (5th Cir. La. 1999) (citing  12 C.F.R. pt. 226, supp. I, subpt. A, cmt. 2(a)(17)(i)(2)) ("If an obligation is initially payable to one person, that person is the creditor even if the obligation by its terms is simultaneously assigned to another person.").

        4)        RESPA Violation

Plaintiffs' fourth claim is for a violation of RESPA and its implementing regulation for Defendants' failure to provide the proper disclosures as required by RESPA.  The only specific allegation of nondisclosure under RESPA is Defendants' failure to provide the yield spread premium in the Good Faith Estimate and Truth in Lending Disclosure.  Complaint ¶ 19.  Plaintiffs do not challenge the propriety of the yield spread premium.  Rather they allege that the amount of that premium was not disclosed.  However, while 12 U.S.C. § 2604(c) of RESPA requires each lender to provide the borrower with a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely to incur, that provision does not explicitly authorize a

5

private remedy, in contrast to the other provisions of the statute. See, e.g., Collins v. FMHA-USDA, 105 F.3d 1366, 1367 (11th Cir. Fla. 1997) (noting Congress's intent to eliminate a private right of action). Plaintiffs' RESPA claim based on the yield spread premium is dismissed with prejudice. Plaintiffs may only amend if they can make good faith allegations supporting a different viable RESPA claim under other provisions of the statute.

5)   Violation of California Civil Code §§ 1916.7, 1920 and 1921

Plaintiffs' fifth and sixth claims arise under California Civil Code §§ 1916.7, 1920, and 1921, which govern adjustable rate mortgages and exempt them from California's other usury statutes. Defendants note that the majority of adjustable rate mortgage loans in California originate under the federal Alternative Mortgage Transaction Parity Act, ("AMTPA"), 12 U.S.C. § 3803(b), which preempts state laws. See, e.g., Nat'l Home Equity Mortg. Ass'n v. Face, 239 F.3d 633, 637 (4th Cir. 2001). Plaintiffs fail to allege facts showing that their loan originated under state laws rather than under AMTPA. This claim is dismissed with leave to amend, but it appears unlikely that Plaintiffs will be able to maintain this claim.

6)   Breach of fiduciary duty

Plaintiffs' ninth claim alleges breach of fiduciary duty against Reunion, ETrade, and MERS. However, in California, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 (1991). Defendants are characterized as "brokers" in the complaint (see Complaint ¶ 76), but the complaint does not state any facts to substantiate this characterization.[3] To the contrary, Plaintiffs state that they engaged the services of a local mortgage broker. Complaint ¶ 16. MERS was a nominee/beneficiary of the lender, not a broker. Complaint ¶ 4. Reunion was the original lender. Id. ¶ 2. ETrade is the subsequent holder of the note. Id. ¶ 11. Without a fiduciary relationship, there can be no breach of fiduciary duty. This claim is dismissed with leave to amend.

7)   Fraud

Plaintiffs' eighth claim for violations of California Business and Professions Code § 17200 is

---

[3] Nor do Plaintiffs allege that Defendants were trustees under the mortgage/deed of trust, and the deed of trust states that the "trustee" is Financial Title Company. RJN, Ex. 1.

6

based largely on fraudulent behavior. Plaintiffs' seventh claim is for rescission based on mistake and fraud (Complaint ¶ 63), and Plaintiffs' ninth claim is for breach of fiduciary duty, which is in part based on concealment and misrepresentation (Complaint ¶ 76iii). To the extend these claims are based on fraud, they fail to state a claim.

Federal Rule of Procedure 9(b) requires: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Alleging fraud requires "allegations of particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." Morris v. BMW of North America, LLC 2007 WL 3342612, 3 (N.D.Cal.,2007) (citing In re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547-48 n. 7 (9th Cir.1994) (en banc)). For an omission claim, while the time, place, and contents of the misrepresentation may not need to be alleged, the plaintiffs must still allege that there was in fact fraud. Id.

Plaintiffs argue that they "alleged that the statements were made by Defendants and their representatives before and during the loan process, and that Defendants' agents, representatives and employees were responsible for the statements." Such allegations do not meet the requirements of Rule 9(b) for pleading misrepresentations. Plaintiffs' claims based on fraud are dismissed with leave to amend.

        8)      Quiet Title

Plaintiffs' quiet title claim, like their rescission claim, fails because they do not allege that they offered to return the principal amount. A trustor cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid. He is entitled to remain in possession, but cannot clear his title without satisfying his debt." Aguilar v. Bocci, 39 Cal. App. 3d 475, 478 (1974) (citation omitted). Plaintiffs' claim is dismissed with leave to amend.

        9)      Injunctive Relief

Because Plaintiffs do not otherwise state a claim for relief, their claim for injunctive relief necessarily fails. In addition, as noted above, Plaintiffs' assertion that Defendants are not holders of their promissory note fails to support their request for injunctive relief because possession of the note is not required to initiate or proceed with non-judicial foreclosure under the deed of trust.

1   For the reasons stated above, Plaintiffs' complaint is dismissed with leave to amend.
2  Plaintiffs may not allege the same RESPA claim for the reasons discussed above.  Nor may Plaintiffs
3  simply restate the above claims with the same deficiencies discussed above.  Allegations must be
4  made in good faith, and the Court reminds Plaintiffs' counsel of his obligations under Rule 11.
5  Plaintiffs may very well be able to allege viable claims, but their complaint requires significant
6  revision.

   C.   Motion to Strike[4]

   Plaintiffs concede that their allegation about MERS being a suspended corporation in California is incorrect and should be stricken.  It appears that Plaintiffs confused Mortgage Electronic Registration System with Mortgage Electronic Registration System*s*, the entity involved in this suit.  Both the allegation and Exhibit A are therefore stricken.

   Defendants also move to strike allegations asserting that Defendants' actions were such as to warrant punitive damages.  Punitive damages are not available for breach of contract or TILA actions, and the fraud allegations do not support punitive damages for the reasons discussed above. Defendants also move to strike the long term misrepresentation allegations in ¶¶ 64 and 76 of the complaint.  They note that Plaintiffs cannot claim they reasonably relied on any misrepresentation of nondisclosure of the terms of their home loan because they signed the promissory note and deed of trust which set forth these terms expressly.  While the Court will not strike these allegations, Plaintiffs so far have failed to allege any facts showing they were justified in not reading the deed of trust.  Plaintiffs, therefore, shall not reallege these paragraphs in their amended complaint without correcting these deficiencies.

///
///
///
///
///

---

[4] While the Court has granted the motion to dismiss, it will address the motion to strike in order to give Plaintiffs additional guidance regarding the deficiencies in their complaint.

8

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED. If Plaintiffs file an amended complaint, they shall do so no later than **May 7, 2009.**

**IT IS SO ORDERED.**

Dated: April 8, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge