**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO N. PAGTALUNAN, et al, | No. C-09-00162 EDL |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| REUNION MORTGAGE INC, et al, | |
| Defendants. | |

## I. BACKGROUND

Plaintiffs initially alleged eleven claims arising out of the December 2008 foreclosure of their home. See April 7, 2009 Order ("Order") at 2:10-14. On April 7, 2009, the Court granted Defendants' previous motion to dismiss all eleven claims, granting leave to amend all but one claim. Id. at 8:1-2. The Court cautioned Plaintiffs against "simply restat[ing] the above claims with the same deficiencies . . . . Plaintiffs may very well be able to allege viable claims, but their complaint requires significant revision." Id. at 8:3-6.

Plaintiffs' First Amended Complaint ("FAC") realleges seven of the original eleven claims: 1) declaratory relief; 2) contractual breach of implied covenant of good faith and fair dealing; 3) violation of the Truth in Lending Act of 1968, 15 U.S.C. §§ 1601 et seq., and Regulation Z, 12 C.F.R. §§ 226, et seq. ("TILA"); 4) rescission/cancellation; 5) unfair business practices; 6) quiet title; and 7) injunctive relief. Plaintiffs' revisions do not cure the claims' original deficiencies.

Defendants now move to dismiss the FAC and to strike certain allegations within it. For the reasons set forth below, the Court grants the motion to dismiss and dismisses Plaintiffs' claims with prejudice. Since the Court dismisses the FAC in its entirety, it need not reach the motion to strike.

## II. DEFENDANTS' MOTION

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)). A reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

Courts need not, however, accept as true a complaint's "legal conclusions." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. Thus, courts may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

Courts must then determine whether the factual allegations in the complaint "*plausibly* give rise to an entitlement of relief." Id. (emphasis added). Though this plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949 (internal quotation marks omitted) & 1950. That is to say, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.[1]

Furthermore, Federal Rule of Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Alleging fraud requires "allegations of particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." Morris v. BMW of North America, LLC 2007 WL 3342612, 3 (N.D. Cal. 2007) (Alsup, J.) (citing In re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547-48, n. 7 (9th Cir.1994) (en banc)). For an omission claim, while the time, place, and contents of the misrepresentation may not

---

[1] Twombly explicitly discarded the longstanding "no set of facts" test of Conley v. Gibson, 355 U.S. 41 (1957). See Twombly, 550 U.S. at 561-63. Since the Conley test is no longer operative, Plaintiffs are mistaken in their assertion that it controls here. See Opp'n at 2:9-11 & 3:13-15.

2

1 need to be alleged, the plaintiffs must still allege that there was in fact fraud. Id.

**B.     Defendants' Motion to Dismiss**

**1.      Plaintiffs' First Claim, Requesting Declaratory Relief**

Plaintiffs have revised their declaratory relief claim by: 1) deleting their earlier allegation that Defendants no longer hold the promissory note on the subject property because the note was placed in a trust pool; and 2) adding an allegation that "Plaintiffs' signature on the [loan] documents was obtained through Defendants' fraudulent concealments and non-disclosures . . . ." FAC at ¶ 29. On the strength of this additional allegation, Plaintiffs seek to rescind the note pursuant to California Civil Code § 1689, which permits rescission when consent has been obtained by fraud. Id. Plaintiffs also reiterate their allegation that they have cancelled their loan pursuant to TILA.[2] Id. at ¶¶ 27, 29-30.

Plaintiffs argue, in essence, that they never would have signed the loan documents if Defendants had not concealed the true nature of what they were signing. However, allegations of fraud must be pled with particularity, and Plaintiffs do not articulate what relevant information was concealed, or attempt to describe which Defendant or Defendants concealed it. Plaintiffs note that courts have relieved plaintiffs of the particularity requirement in some circumstances where the relevant information would be solely within the defendant's knowledge. Opp'n at 2:26-3:8. Plaintiffs do not convincingly explain, however, why the relevant information here -- the terms of their loan -- would be solely within the knowledge of Defendants, since Plaintiffs signed the loan documents. Similarly, the allegedly fraudulently concealed information was "the true cost of the loan," which, Plaintiffs say, Defendants "knew or should have known Plaintiffs were not capable of understanding or comprehending." FAC at ¶ 52. But Plaintiffs have not alleged any facts to support this assertion, and without such factual allegations, the Court has no basis for inferring that Plaintiffs lacked the relevant comprehension or that Defendants should have so known. Plaintiffs have alleged only labels and conclusions, which do not satisfy the pleading standards of Rule 8, let alone the particularity standard of Rule 9(b). Accordingly, Plaintiffs' request for declaratory relief is

---

[2] Plaintiffs' TILA claim itself is time barred as set forth below, and therefore does not form a basis for declaratory relief.

3

dismissed with prejudice.

### 2. Second Claim, for Contractual Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiffs revised this claim by replacing five relatively specific allegations of wrongdoing with two conclusory allegations. Compare Complaint at ¶ 39 with FAC at ¶ 38. Plaintiffs allege that "Defendants used fraudulent means of obtaining Plaintiffs' signature on the note and . . . continu[ed] to demand monthly payments on an illegal note which ha[d] been rescinded." FAC at ¶ 38. For the reasons stated above, Plaintiffs' allegations regarding Defendants' use of fraud in obtaining Plaintiffs' signatures are insufficiently specific to satisfy Rule 9. Plaintiffs' assertions that the note was illegal and had been rescinded are legal conclusions, not facts, and therefore are not entitled to a presumption of truth. Plaintiffs allege no relevant facts supporting this claim, and thus fail to state a plausible claim for which relief can be granted. Accordingly, the Court dismisses Plaintiffs' second claim with prejudice.

### 3. Third Claim, for Violations of TILA

In dismissing the original Complaint's TILA claim, the Court explained that Plaintiffs' TILA claim was time barred under the one-year statute of limitations, and that the three-year rescission period did not apply since Plaintiffs had not "allege[d] that they are willing to repay what they borrowed less finance charges." Order at 5:6-9. In granting Plaintiffs leave to amend, the Court cautioned them that "they may only amend this claim if they can make specific good faith allegations: 1) supporting equitable tolling; and 2) that they have offered to restore what they borrowed." Id. at 5:12-14.

Plaintiffs have not done so. Plaintiffs' FAC does not address the issue of equitable tolling and instead simply reiterates the allegations of their previous Complaint. Plaintiffs continue to allege in conclusory fashion that "[a]ny and all statute(s) of limitations relating to disclosure and notices required [by TILA] were tolled due to Defendants [sic] failure to effectively provide the required disclosures and notices." FAC at ¶ 44. Plaintiffs' legal conclusion is unsupported by factual allegations. Plaintiffs' opposition brief merely asserts without explanation that their TILA claims "are not time-barred." Opp'n at 4:8-9; see also id. at 5:1-2 (citing the portion of the Court's

4

previous Order where the Court said exactly the opposite). Nor have Plaintiffs offered to restore what they borrowed, that is, the loan principal less finance charges. Accordingly, the Court dismisses Plaintiffs' third claim with prejudice.

### 4. Fourth Claim, for Rescission/Cancellation

Plaintiffs have made only one material addition to the factual allegations of their complaint, stating that are willing to "return" the subject property to Defendants as part of a rescission. FAC at ¶¶ 48, 58 & 70. Plaintiffs' offer is inconsistent with this Court's earlier guidance that a rescission claim must be supported by an allegation that Plaintiffs "are willing to repay what they borrowed less finance charges." See Order at 5:6-9. Plaintiffs borrowed money, not the subject property, and thus Plaintiffs' offer to tender the subject property does not meet this requirement.

Plaintiffs' claim for rescission rests partly on the alleged TILA violations, partly on an allegation that their consent to the loan "was obtained only through, inter-alia, [sic] Defendants' fraud," and partly on a policy argument that "[t]he public interest would be prejudiced by permitting the alleged contract to stand; such action would reward an unscrupulous lender." FAC at ¶ 55. Plaintiffs' claim for rescission fails to the extent that it is premised on the time barred TILA claim. Plaintiffs' second basis for this claim, fraud, also fails, because Plaintiffs' allegations of fraud are conclusory.[3] Lastly, Plaintiffs' policy argument alleges no facts sufficient to state a plausible claim to relief, only a conclusion that Defendants are unscrupulous. Accordingly, Plaintiffs' fourth claim is dismissed with prejudice.

### 5. Fifth Claim, for Unfair Business Practices

Plaintiffs set forth this claim without apparent revision. The Court's previous Order explained that this claim was based on allegations of fraudulent behavior which had not been pled with sufficient particularity. Since Plaintiffs have not cured the deficiencies of this claim, it is dismissed with prejudice.

///

---

[3] Plaintiffs rely on Farina v. Bevilacqua, 192 Cal. App. 2d 681 (1st Dist. 1962), for the proposition that "failure to comply with [an] agreement procured by fraud cannot bar [a] claim for rescission." See Opp'n at 6:20-22. Because Plaintiffs do not allege fraud with the requisite particularity, however, their reliance on Farina is misplaced.

5

#### 6. Sixth Claim, for Quiet Title

Plaintiffs have revised this claim by alleging their readiness to "return[] the Subject Property . . . ." FAC at ¶ 70. As this Court explained in dismissing Plaintiffs' original claim to quiet title, Plaintiffs' claim "fails because they do not allege that they offered to return the principal amount." Order at 7: 19-20. "A trustor cannot quiet title without discharging his debt." Id. at 7:20-21 (internal quotation marks omitted). Plaintiffs still have not offered to return the loan principal. Accordingly, Plaintiffs' sixth claim is dismissed with prejudice.

#### 7. Seventh Claim, Requesting Injunctive Relief

Plaintiffs have only lightly revised the allegations supporting their request for an injunction, and the revisions are immaterial. As was the case with Plaintiffs' original Complaint, the FAC fails to state a substantive claim upon which a grant of injunctive relief could be based.

Plaintiffs contend that under California law, physical possession of the relevant promissory note is a prerequisite to non-judicial foreclosure. See generally Opp'n at 7:25 et seq. The Court rejected this argument in its initial Order at 3:20-25 ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust, and this declaratory relief claim similarly fails." (citing Putkkuri v. Recontrust Co., Case 08-1919 WQH (AJB), 2009 U.S. Dist. LEXIS 32 (S.D. Cal. Jan. 5, 2009) ("Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of Deed of Trust has the right to initiate the foreclosure process. Production of the original note is not required to proceed with a non-judicial foreclosure.")). Defendants maintain that California Civil Code Section 2924 is a comprehensive, exclusive, and exhaustive statutory scheme governing non-judicial foreclosures. Reply at 11:4-11. Plaintiffs concede that the statutory scheme is comprehensive and exhaustive, but conclude nonetheless that it is "not exclusive." Opp'n at 7:28-8:1. Plaintiffs now maintain that a court may allow remedies beyond those provided by the comprehensive, exhaustive statutory scheme, so long as they are consistent with the policies underlying the statutory scheme. See generally id.

Plaintiffs' argument that Section 2924 is non-exclusive runs afoul of relevant federal and California cases. See, e.g., Bouyer v. Countrywide Bank, FSB, 2009 U.S. Dist. LEXIS 53940 at *23-24 (N.D. Cal. June 25, 2009) (Hamilton, J.) ("Courts have repeatedly held that California's

nonjudicial foreclosure statutes are comprehensive and have refused to impose requirements not found in the statute"); Gentsch v. Ownit Mortg. Solutions, Inc., 2009 U.S. Dist. LEXIS 45163 at *13-15 (E.D. Cal. May 14, 2009); I.E. Assocs. v. Safeco Title Ins. Co., 39 Cal. 3d 281, 285 (1985) (noting that California's nonjudicial foreclosure statutes are comprehensive and holding that possession of original promissory note is not required to initiate non-judicial foreclosure); Moeller v. Lien, 25 Cal. App. 4th 822, 830 (2d Dist. 1994).  While Plaintiff argues that the recent California Court of Appeal decision California Golf, L.L.C. v. Cooper, 163 Cal. App. 4th 1053 (2d Dist. 2008), shows that Section 2924 is non-exclusive, that case concerned the remedies available following a completed foreclosure sale in which the bidders engaged in fraudulent conduct, not, as Plaintiffs contest here, a party's right to foreclose in the first instance.

In the same vein, Plaintiffs maintain that the provisions of California Commercial Code Section 3301, which provides that a promissory note may only be enforced if one holds the instrument or has the rights of the holder or is otherwise entitled to enforce the instrument, can "work within the context of" Section 2924's statutory framework governing non-judicial foreclosures, and suggest that the Commercial Code supports Plaintiffs' physical-possession theory. Opp'n at 8:18-19.  This statute, however, governs negotiable instruments as opposed to non-judicial foreclosures, and cannot apply here in light of the exclusive statutory scheme discussed above. Therefore, Plaintiffs' physical-possession theory fails.  Accordingly, Plaintiffs' seventh claim is dismissed with prejudice.

**III.    CONCLUSION**

Having already been given an opportunity to amend their complaint with explicit instructions by the Court, Plaintiffs are no closer to stating viable claims.  Defendants' Motion is thus granted and Plaintiffs' claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: September 29, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge